IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| DEANN WALTER, ) <br> 5138 Dartmoor Place, ) <br> Frederick, Maryland 21703, ) <br> *an individual*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISCOVERY HOLDINGS, LLC, ) <br> 8415 Woodsboro Pike, ) <br> Walkersville, Maryland 21793, ) <br> *a Maryland Limited Liability Company,* ) <br> ) <br> Defendant. ) | Case No.: |

## COMPLAINT

Plaintiff, DEANN WALTER ("MS. WALTER"), an individual, by and through her undersigned counsel, hereby files this Complaint and sues the Defendant, DISCOVERY HOLDINGS, LLC, a Maryland Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 501, Local Rules of the United States District Court for the District of Maryland.

3. MS. WALTER is a resident of the State of Maryland.

4. MS. WALTER suffers from Multiple Sclerosis (MS) and is disabled. MS.

WALTER's disability, at all times material hereto, impairs her ability to walk, a major life activity, and requires her to use a scooter and/or cane to ambulate safely[1].

5. Due to her disability, MS. WALTER is substantially impaired in several major life activities.

6. The Defendant, DISCOVERY HOLDINGS, LLC (hereinafter referred to as "Defendant"), is a Maryland Limited Liability Company.  Upon reasonable belief, Defendant is the record owner, leasor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: "the Property," known as Discovery Crossing Shopping Center, located generally at 8425 Woodsboro Pike, Walkersville, Maryland 21793.  The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Maryland.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

9. The Property, a shopping center, is a place of public accommodation, subject to the ADA, generally located at 8425 Woodsboro Pike, Walkersville, Maryland 21793.

10. MS. WALTER has visited the Property and plans to return to the Property in the near future.

11. During her visits, MS. WALTER experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers discussed herein.

12. MS. WALTER continues to desire to visit the Property, but fears that she will

---

[1] MS. WALTER is capable of walking short distances without the help of aid scooter.

encounter serious difficulty due to the barriers discussed herein which still exist.

13.     MS. WALTER plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14.     Defendant has discriminated and continues to discriminate against MS. WALTER in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying MS. WALTER the benefits of the goods and services located on the Property by failing to provide and/or correct, *inter alia*, the following barriers to access which were personally observed and encountered by MS. WALTER, and which hindered her access:

- A. Plaintiff encountered inaccessible parking designated as accessible due to a lack of access aisles;

- B. Plaintiff encountered inaccessible parking due to a lack of signage designating accessible parking spaces;

- C. Plaintiff encountered inaccessible parking due to poles improperly placed in the parking spaces designated as accessible;

- D. Plaintiff encountered inaccessible parking due to a fire hydrant improperly placed in a parking space designated as accessible;

- E. Plaintiff encountered inaccessible parking designated as accessible due to pavement in disrepair;

- F. Plaintiff encountered an inaccessible ramp due to steep side flares;

- G. Plaintiff encountered an inaccessible ramp due to excessively steep slopes near Sam's Barber Shop;

    H. Plaintiff encountered an inaccessible route due to excessive cross slopes near Paty Cleaners; and

    I. Plaintiff encountered an inaccessible route due to excessive slopes without proper handrails near Sam's Barber Shop.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron of the Property, MS. WALTER additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

18. Removal of the barriers to access located on the Property would allow MS. WALTER to fully utilize the goods and services located therein.

19. MS. WALTER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. WALTER is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, MS. WALTER demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That the Court declare that the Property owned, administered

and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities and to undertake and complete corrective procedures to the full extent required by the Title III of the ADA;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. WALTER; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

       Respectfully Submitted,

       KU & MUSSMAN, P.A.
       12550 Biscayne Blvd., Suite 406
       Miami, Florida 33181
       Tel: (305) 891-1322
       Fax: (305) 891-4512
       *Attorneys for Plaintiff*

       */s/ Robert King*
       Robert King, Esq. (MD 07156)
       King & Silverman Attorneys at Law
       3470 Olney Laytonsville Rd.
       Suite 33
       Olney, MD 20832
       Tel: (301) 774-5999
       Fax: (301) 774-5997
       bobking@silverkinglaw.com